IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-58-D
No. 7:11-CV-139-D

| | | |
|---|---|---|
| BOBBY WAYNE WILKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 5, 2011, Bobby Wayne Wilkins ("Wilkins") filed a motion to vacate, set aside, or correct his sentence of 210 months' imprisonment [D.E. 35]. Wilkins argues that he received constitutionally ineffective assistance of counsel because defense counsel permitted the court to use convictions that did not qualify as "violent felonies" in concluding that Wilkins was an armed career criminal under 18 U.S.C. § 924(e). [D.E. 35] 4. On August 9, 2012, Wilkins supplemented his motion with a citation to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 42].

On August 10, 2011, the government moved to dismiss Wilkins's motion [D.E. 38]. The government noted that the United States Court of Appeals for the Fourth Circuit rejected Wilkins's argument concerning his status as an armed career criminal under 18 U.S.C. § 924(e) on direct appeal. [D.E. 39] 2–3 (discussing United States v. Wilkins, 416 F. App'x 320, 321 (4th Cir. 2011) (per curiam) (unpublished)).

Wilkins's defense counsel did not provide constitutionally ineffective assistance. See, e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984); Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir.

2010); United States v. Roane, 378 F.3d 382, 404–05 (4th Cir. 2004). Wilkins's numerous breaking and entering convictions (PSR ¶¶ 15, 18, 19, 26, 31, 32, 38) and other violent felony convictions (id. ¶¶ 33, 36, 39, 40, 41, 42) provide ample support for his designation as an armed career criminal under 18 U.S.C. § 924(e). See Wilkins, 416 F. App'x at 321; United States v. Wright, 594 F.3d 259, 262–63 (4th Cir. 2010); United States v. Carr, 592 F.3d 636, 639 (4th Cir. 2010); United States v. Thompson, 588 F.3d 197, 201–02 (4th Cir. 2009). Moreover, in light of the maximum sentence that Wilkins could have received for his numerous violent felonies, Simmons provides no help to Wilkins. Compare Simmons, 649 F.3d at 240, with PSR ¶¶ 15, 18, 19, 26, 31, 32, 33, 36, 38, 39, 40, 41, 42.

In sum, the court GRANTS the government's motion to dismiss [D.E. 38] and DISMISSES Wilkins's motion to vacate, set aside, or correct his sentence [D.E. 35, 42]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 17 day of April 2013.

JAMES C. DEVER III
Chief United States District Judge