IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-58-D

UNITED STATES OF AMERICA          )
                                  )
                                  )
v.                                )          **ORDER**
                                  )
BOBBY WAYNE WILKINS,              )
                                  )
            Defendant.            )

On August 26, 2020, Bobby Wayne Wilkins ("Wilkins" or "defendant") moved pro se for

release on home confinement [D.E. 64]. On November 29, 2021, Wilkins moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 65]. On March

3, 2022, Wilkins, through counsel, filed a memorandum in support [D.E. 70]. On March 24, 2022,

the government responded in opposition [D.E. 71]. As explained below, the court denies Wilkins's

motions.

I.

On August 17, 2009, Wilkins pleaded guilty without a plea agreement to possession of

firearms by a felon. See [D.E. 16]. On March 10, 2010, the court held Wilkins's sentencing hearing

and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim.

P. 32(i)(3)(A)–(B); [D.E. 23]; Sentencing Tr. [D.E. 31] 5; PSR [D.E. 63]. The court calculated

Wilkins's total offense level to be 30, his criminal history category to be VI, and his advisory

guideline range to be 180 to 210 months' imprisonment. See 18 U.S.C. § 924(e)(1); Sentencing Tr.

at 6. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C.

§ 3553(a), the court sentenced Wilkins to 210 months' imprisonment. See Sentencing Tr. at 35–42; [D.E. 24]. Wilkins appealed. See [D.E. 25]. On March 15, 2011, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Wilkins, 416 F. App'x 320 (4th Cir. 2011) (per curiam) (unpublished).

On July 5, 2011, Wilkins moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 210-month sentence based on ineffective assistance of counsel. See [D.E. 35]. On April 18, 2013, the court granted the government's motion to dismiss, dismissed Wilkins's section 2255 motion, and denied a certificate of appealability. See Wilkins v. United States, No. 7:09-CR-58-D, 2013 WL 12237654 (E.D.N.C. Apr. 18, 2013) (unpublished). Wilkins appealed and moved for reconsideration. See [D.E. 45, 46]. On May 16, 2013, the court denied Wilkins's motion for reconsideration. See [D.E. 48]. On October 2, 2013, the Fourth Circuit denied a certificate of appealability and dismissed Wilkins's appeal. See United States v. Wilkins, 541 F. App'x 272 (4th Cir. 2013) (per curiam) (unpublished). On August 29, 2014, Wilkins moved for relief under Federal Rule of Civil Procedure 60(b)(6). See [D.E. 57]. On January 12, 2015, the court denied the motion and denied a certificate of appealability. See [D.E. 58].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271,

2

275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary

3

and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

On December 14, 2021, Wilkins applied to his warden for compassionate release. See [D.E. 70-1]. More than 30 days have passed, and Wilkins has not received a response. See [D.E. 70] 4. Moreover, the government agrees that Wilkins satisfied section 3582(c)(1)(A)'s threshold timing requirements. See Muhammad, 16 F.4th at 130; [D.E. 71] 3. Accordingly, the court considers Wilkins's motion on the merits.

In support of his motion for compassionate release, Wilkins cites the COVID-19 pandemic, his health conditions, the need to assist his mother, and his rehabilitation efforts. See [D.E. 65]; [D.E. 70]. As for his medical conditions, Wilkins argues that his weight, dental issues, degenerated

4

spine, and the risk of COVID-19 are extraordinary and compelling reasons for release. See [D.E. 65] 2–6; [D.E. 70] 4–7. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Wilkins argues he has dental issues the BOP has delayed treating. See [D.E. 70] 6. He argues the BOP does not plan to treat his dental issues because does not "have enough time left" on his sentence; however, he has provided no evidence to support this argument. [D.E. 70-3] 2; see [D.E. 70] 9; cf. [D.E. 70-2] 10–11 (dental records from Nov. 2021 indicating Wilkins reported having no pain for his dental issues, that the BOP has provided four dental procedures to Wilkins, and the BOP has added five procedures to his dental records that need to be completed). Wilkins also argues that he is unable to provide self-care while incarcerated because of a spinal problem and sometimes requires help from his cell mate to perform daily functions. See [D.E. 65] 2–4; [D.E. 70] 6. Wilkins's medical records confirm he has a disc disease in his spine. See [D.E. 70-2] 6–7; [D.E. 72] 3. The court assumes without deciding that Wilkins's weight and dental and spinal issues fall within the "medical condition of the defendant" policy statement. Nonetheless, the 18 U.S.C. § 3553(a) factors counsel against granting Wilkins's motion for compassionate release.

Although Wilkins argues his weight places him at heightened risk of serious infection from COVID-19, Wilkins is fully vaccinated against COVID-19 and received a booster shot. See [D.E. 70] 6–7; [D.E. 70-2] 8–9; [D.E. 72] 1. Receiving the COVID-19 vaccine greatly diminishes Wilkins's risk of serious infection from COVID-19, even in light of his weight. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished);

5

<u>United States v. Scalea</u>, No. 21-2631, 2022 WL 795425, at \*1 (3d Cir. Mar. 15, 2022) (unpublished) ("[V]accination does not rule out reinfection, but this does not diminish that vaccination mitigates the risk of COVID-19 complications . . . ."); <u>United States v. Shettler</u>, No. 21-10484, 2022 WL 620311, at \*4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); <u>United States v. Lemons</u>, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]ith access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); <u>United States v. Hald</u>, 8 F.4th 932, 936 n.2 (10th Cir. 2021), <u>cert. denied</u>, 2022 WL 1611819 (U.S. May 23, 2022); <u>United States v. Broadfield</u>, 5 F.4th 801, 803 (7th Cir. 2021); <u>United States v. Baeza-Vargas</u>, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); <u>cf.</u> <u>United States v. Petway</u>, No. 21-6488, 2022 WL 168577, at \*2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Accordingly, reducing Wilkins's sentence because of his weight and the risk from COVID-19 does not comport with the "medical condition of the defendant" policy statement. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

Wilkins argues the need to care for his mother is an extraordinary and compelling reason justifying compassionate release. <u>See</u> [D.E. 65] 3; [D.E. 70-3] 1, 4. Wilkins's mother is in her eighties, and Wilkins argues she has deteriorating health and he could assist her. <u>See</u> [D.E. 65] 3. In a letter to the court, Wilkins's mother states Wilkins could help her with her balance and with doing things around her house. <u>See</u> [D.E. 70-3] 4. Under the "family circumstances" policy statement, extraordinary and compelling circumstances may exist because of "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C). By its

6

plain terms, the policy statement does not apply to family circumstances involving a defendant's parents. Thus, Wilkins's family situation does not fall within the "family circumstances" policy statement. Nonetheless, the court considers Wilkins's family circumstances within the "other reasons" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

The court assumes without deciding that COVID-19 and Wilkins's health conditions, the need to assist his mother, and his rehabilitation efforts constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Wilkins's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Wilkins is 56 years old and is incarcerated as an armed career criminal under 18 U.S.C. § 924(e) for possession of firearms as a felon. See PSR ¶¶ 1–2, 79. Wilkins was responsible for possessing multiple firearms despite knowing he was a prohibited person. See id. ¶¶ 3–5. Wilkins's serious criminal behavior was nothing new. Before incurring the conviction for which he is currently incarcerated, Wilkins had a lengthy, violent criminal record spanning decades that includes convictions for possession of marijuana (four counts), possession of drug paraphernalia, carrying a concealed weapon (two counts), speeding to elude arrest (two counts), breaking and entering (eight counts), larceny (five counts), assault on a female (four counts), larceny after breaking and entering (five counts), safecracking, assault with a deadly weapon, stalking, resisting a public officer, second degree burglary (seven counts), grand larceny, and violating a domestic violence protective order.

7

See id. ¶¶ 7–45. Wilkins has a poor record on supervision and committed the offense for which he is currently incarcerated while he was on parole. See id. ¶ 48.

Wilkins has taken some positive steps while federally incarcerated. For example, Wilkins has completed a drug treatment program to address his alcoholism and has taken several education courses. See [D.E. 70] 8; [D.E. 70-4]. Wilkins also has served as a leader in his religious community. See [D.E. 65] 4. Wilkins, however, has incurred several infractions, including for assault and fighting with another inmate. See [D.E. 71-1] 1–2.

The court must balance Wilkins's mixed rehabilitation efforts with his serious criminal conduct, his stunning criminal history, his poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Wilkins's potential exposure to COVID-19, his medical conditions, his family circumstances, and his release plan. The court recognizes that Wilkins has supportive family members who would help him if released. See [D.E. 70-3] 3–4. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Wilkins's arguments, the government's persuasive response, the need to punish Wilkins for his serious criminal behavior, to incapacitate Wilkins, to promote respect for the law, to deter others, and to protect society, the court denies Wilkins's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

As for Wilkins's motion for home confinement [D.E. 64], the court denies the motion. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam)

8

(unpublished); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."). To the extent Wilkins requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court denies Wilkins's motion for home confinement.

## III.

In sum, the court DENIES defendant's motion for home confinement [D.E. 64] and motion for compassionate release [D.E. 65].

SO ORDERED. This 23 day of June, 2022.

JAMES C. DEVER III
United States District Judge
